UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DANIEL BRAVENEC,

Plaintiff,

v.

HAGERTY MANAGEMENT, LLC,

Defendant.

Case No.: 3:26-cv-01619-JO-AHG

**ORDER GRANTING IN PART JOINT MOTION FOR EXTENSION**

**[ECF No. 18]**

Before the Court is the parties' joint motion for continuance. ECF No. 18. The parties seek to extend the document production deadline, from August 24, 2026, to September 25, 2026. *Id*.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Olvera v. Citibank, N.A.*, No. 25-cv-789-H-AHG, 2025 U.S. Dist. LEXIS 117769, at *2, *4–*5 (S.D. Cal. June 19, 2025). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end").

Here, the parties represent to the Court that Defendant has encountered technical difficulties in transmitting its production of Electronically Stored Information to Plaintiff. ECF No. 18 at 2. Defendant anticipates that an additional 30 days will be needed to rectify the issues. *Id*. Additionally, Plaintiff has not yet produced his medical records, and is waiting for the issuance of a protective order to do so. *Id*. at 2–3. As such, the parties request a one-month extension of the document production deadline, from August 24, 2026, to September 25, 2026. *Id*. at 3.

First, the Court notes that the joint motion is deficient. By filing the motion on August 26, 2026—***two days <u>after</u>*** the August 24, 2026, deadline—the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion **<u>no less than seven calendar days before</u>** the affected date") (emphasis added). The parties do not address, or acknowledge, their delay. Second, the Court has concerns regarding the parties' compliance with its July 17, 2026, Order; the need for a protective order before production should have been discussed during the required July 31, 2026, meet and confer but instead, almost a month

later, no protective order has been drafted. *See* ECF No. 18 at 3 ("Plaintiff needs additional time to send a protective order to Defendant and have it entered by the Court before producing responsive documents").

Despite the joint motion's shortcomings, the Court appreciates that the parties are working together and finds good cause to **GRANT IN PART** the joint motion (ECF No. 18) as follows:

1. By **September 3, 2026**, the parties must do one of the following:

   a. If the parties reach an agreement on the terms of the stipulated protective order, they must file a Joint Motion for Protective Order. The Court reminds the parties that they must include the undersigned's required provisions in their protective order. *See* AHG.Chmb.R. at 4. The Court also reminds counsel that they must email a copy of the proposed order in Word format to efile_goddard@casd.uscourts.gov. *Id*. at 5.

   b. If the parties have not reached an agreement on the terms of the stipulated protective order, they must submit a joint email to the Court (not filed) (to efile_goddard@casd.uscourts.gov) outlining their disputes and positions. The parties must attach the disputed protective order to the email, highlighting the section(s) where the parties disagree.

2. The parties must complete the production of their document exchange by **September 25, 2026**.

6. The **all-day**, **in-person** Settlement Conference scheduled for November 9, 2026, is **RESET** for **December 4, 2026** at **9:30 a.m.** before the **Magistrate Judge Allison H. Goddard** on the fifth floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101.

   a. If the parties send a **joint email** to the Court (to efile_goddard@casd.uscourts.gov) no later than **November 20, 2026**,

containing a firm date for private mediation and the name of the mediator, the Settlement Conference will come off calendar.

b. The Court requires the personal, ***in-person*** attendance of all named parties, party representatives with full[1] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

c. For planning purposes, the parties should expect that the Settlement Conference will last until approximately 5:00 p.m.

d. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **November 9, 2026**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

e. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **November 17, 2026**.

/ /

[1] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the Settlement Conference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the conference before agreeing to any settlement does not have full authority.

f. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **November 24, 2026**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

g. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **November 24, 2026**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

h. No later than **November 24, 2026**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then email all participants detailed instructions regarding the location of the Court's conference rooms.

i. All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.

**IT IS SO ORDERED.**

Dated: August 27, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge